IN RE ESTATE OF STORMONT.

(No. 86-CA-49—Decided
October 17, 1986.)

*Martin, McCarty, Richman & Wright Co., L.P.A.,* and *John O. Martin,* for appellant Charles Bates.

*Miller, Finney & Clark* and *Noel K. McKeown,* for appellee Charles R. Finney.

BROGAN, P.J. Vivian Stormont died on December 31, 1985 at Hospitality Home East in Xenia, Ohio. Thereafter, three separate testamentary instruments were submitted for probate. On January 21, 1986, a document purporting to be Stormont's last will and testament, dated January 18, 1974, and a codicil dated March 6, 1978, were filed with the court. On January 29, 1986, a second will, dated June 7, 1977, was filed with the court.

The questions presented by the two petitions for probate include: (1) whether the codicil of March 6, 1978 was validly executed and was the testatrix at the time of the execution possessed of sound mind and free from undue influence; (2) whether the codicil effectively revoked the intervening will of June 7, 1977 and validly republished the earlier will of January 18, 1974; and (3) in the alternative, if the codicil,

was valid, did it operate only to modify certain parts of the June 1977 will, in which event should the January 1974 will be denied probate?

A hearing was held on April 1, 1986 to determine the admissibility of documents purporting to be the last will and testament of Stormont. The court concluded from the testimony presented that all three documents had been validly executed and that the testatrix was of sound mind and free from undue influence at the time.

The court found further that the codicil dated March 6, 1978 in all respects ratified and confirmed the will dated January 18, 1974, with the exception of naming a different executor. The court determined that the codicil republished the earlier will of 1974 and thereby revoked the intervening will of 1977.

Charles Bates, Stormont's nephew, filed a timely notice of appeal claiming one assignment of error.

Appellant does not question either the testamentary capacity of the testatrix or the validity of the execution of any of the instruments involved. The sole question of appeal involves the legal effect of the 1978 codicil.

Appellant contends the 1974 will was revoked by operation of R.C. 2107.33 upon the execution of the 1977 will. He states the codicil did not express a clear intention to revive the 1974 will and was thereby ineffective to defeat the testator's intent expressed in the 1977 will.

Appellant relies on the English case of *In re Turner* (1891), 64 L.T.R. (N.S.) 805, where the solicitors of the testatrix prepared a codicil to an earlier 1881 will which they had drafted, unaware of the existence of an intermediate will executed in 1885. The codicil stated: "In all other respects I ratify and confirm my said will and first codicil."

The court held the codicil did not

revive the first will. The court reasoned that because the solicitors were ignorant of the existence of the second will at the time they drafted the codicil, they couldn't possibly have intended to "ratify and confirm" the first will. In the solicitors' minds, the first will had continuously been in full force and effect since its execution.

Appellant's reliance on *In re Turner* is misplaced, however. Initially, the case is recognized as departing from the general rule either from a contrary judicial opinion as to the effect of the draftsman's ignorance of the existence of the revocatory instrument, or from the force of circumstances indicative of a contrary intention. See Annotation (1954), 33 A.L.R. 2d 922, 940. The majority of English cases follow the rule which states that if a draftsman, ignorant of the existence of an intermediate revoking instrument, prepares a codicil to the earlier instrument, the earlier instrument must be considered to have been revived. *In re Baker* (1929), 1 Ch. 668; *In re Reynolds* (1873), 3 Law Reports, Probate & Divorce 35; see, generally, Annotation (1954), 33 A.L.R. 2d 922; Annotation (1958), 59 A.L.R. 2d 11, Section 27.

Second, the facts of the present case are distinguishable from *In re Turner* because the instant record reflects that the drafters of the codicil were aware of the possibility of an outstanding document purporting to be Stormont's last will and testament.

In Ohio, the rules relating to the revocation and revival of wills are found in R.C. 2107.33 and 2107.38.

R.C. 2107.33 provides in part that:

"(A) A will shall be revoked by the testator by tearing, canceling, obliterating, or destroying it with the intention of revoking it, * * * or by some other written will or codicil, executed as prescribed by sections 2107.01 to 2107.62 of the Revised Code, or by some other writing that is signed, attested, and subscribed in the manner provided by those sections. * * *"

In a related manner, R.C. 2107.38 states:

"If a testator executes a second will, the destruction, cancellation, or revocation of the second will shall not revive the first will unless the terms of such revocation show that it was such testator's intention to revive and give effect to his first will or unless, after such destruction, cancellation, or revocation, such testator republishes his first will."

The only Ohio case dealing with the legal effect of a codicil to a revoked anterior will is *In re Will of Stocker* (1926), 26 Ohio N.P. (N.S.) 112. In *Stocker,* two wills and two codicils were submitted to the court for probate. The first will was dated 1920 and to this was attached a codicil dated February 18, 1922. The second will was dated July 26, 1924. On July 4, 1925, a second codicil was executed. However, this codicil was attached to the 1920 will and 1922 codicil. The question presented was whether the second codicil revived and republished the earlier will of 1920.

The court at 113 stated:

"As a general rule, a codicil executed with the formalities required by statute, operates as a republication of a will, so far as it is not altered or revoked by the codicil, if the intention of the testator is not thereby defeated. Furthermore, a codicil may, by referring in adequate terms to a revoked will, revive that will, if it be in existence. In order to have such effect, the codicil must show an intention to revive the revoked will. This may be done by some expression conveying to the mind of the court with reasonable certainty the existence of the intention. * * *"

The *Stocker* court determined that

the testator's intent to re-establish his first will was evidenced by the fact that the codicil referred to a specific clause in the first will, and that the codicil was physically attached to the first will.

Appellant contends the *Stocker* case is not controlling. He argues the codicil in the present action makes only bare reference to the first will and was not attached to the first will. Accordingly, appellant finds the facts insufficient under *Stocker* to have effectively caused the republication of the first will.

We disagree. There was sufficient evidence in the record to support the lower court's finding that Stormont intended to revive and republish her first will. Stormont executed the codicil in the presence of three witnesses. She declared the instrument to be "the first codicil to the last will and testament executed by me on January 18, 1974, in the presence of Charles R. Finney and Noel K. McKeown." The codicil revoked item III of her 1974 will to the extent that it named Charles Bates as the alternative executor. The primary executor, John Breakall, had died and Stormont replaced Bates with her attorney. The codicil also stated, "in all other respects I ratify and confirm all of the provisions of my said will dated January 18, 1974."

The circumstances of the preparation of the codicil were testified to by McKeown, who had prepared the document. He stated that both the codicil and 1974 will were examined before Stormont signed the document. McKeown stated there was some discussion concerning the possibility of another will and the need to take steps that would nullify anything that might have taken place subsequent to the 1974 will.

After the codicil was prepared, he returned to Stormont with the codicil and a copy of the 1974 will. Both documents were discussed in detail and then Stormont signed the codicil. The codicil was placed in an envelope with the January 18, 1974 will, and both were placed in a safety deposit box at Security National until the will was presented for probate.

The lower court properly concluded that the 1978 codicil republished the earlier 1974 will and thereby revoked the intervening 1977 will. The conclusion necessarily followed from the express terms of the codicil which refer to the earlier instrument and the circumstances of the preparation of the codicil with the will before her.

Appellant's assignment of error is not well-taken.

The judgment of the court below is affirmed.

*Judgment affirmed.*

WILSON and WOLFF, JJ., concur.